# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                        **Case No. 3:26cr37/TKW**

**THERESA FOREMAN MITCHELL**
  **a/k/a "Theresa Lee Yingling"**
_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between Theresa Foreman Mitchell as Defendant, Michael J. Griffith as attorney for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

### 2. TERMS

The parties agree to the following terms:

a.    Defendant will plead guilty to Count One (Conspiracy to Produce and Distribute Child Pornography), Count Two (Production of Child Pornography – MF1), Count Three (Production of Child Pornography – MF2), Count Four (Receipt of Child Pornography), Count Six (Possession of Child Pornography), and Count

FILED IN OPEN COURT
7.20.26
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

TM

Seven (Money Laundering Conspiracy) of the Indictment. As to each of Counts One, Two and Three, separately and distinctly, Defendant faces a mandatory minimum of fifteen years up to thirty years' imprisonment, a mandatory five years up to a lifetime supervised release, a maximum fine up to $250,000, and a $100 special monetary assessment per count. As to Count Four, Defendant faces a mandatory minimum of five years up to twenty years' imprisonment, a mandatory five years up to a lifetime supervised release, a maximum fine up to $250,000 and a $100 special monetary assessment. As to Count Six, Defendant faces up to twenty years' imprisonment, a mandatory five years up to a lifetime supervised release, a maximum fine up to $250,000 and a $100 special monetary assessment. As to Count Seven, Defendant faces up to twenty years' imprisonment, three years' supervised release, a maximum fine up to $500,000 or twice the value of the property involved in the transaction, whichever is greater, and a $100 special monetary assessment. Defendant also faces a potential assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A. In addition, Defendant faces an additional special assessment of up to $5,000 pursuant to 18 U.S.C. § 3014. Defendant agrees to pay the special monetary assessment(s) on or before the date of sentencing.

If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

2

TM

The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets. This specifically includes all seized electronic devices that contained child pornography and/or were utilized to access, produce, or distribute child pornography.

In addition, the Court may enter an order denying Defendant federal benefits pursuant to 21 U.S.C. § 862(a)(1).

b.    By voluntarily pleading guilty to the charges in the Indictment, Defendant, as to the count pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.    Defendant is pleading guilty because Defendant is in fact guilty of the charges alleged in Counts One, Two, Three, Four, Six and Seven of the Indictment. In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

3

TM

d.    Upon the District Court's adjudication of guilt of Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled.  Defendant agrees that substantial evidence exists to support the charges.

e.    Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.    If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect Defendant's immigration status, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g.    The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h.    Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by Defendant. The United States Attorney further reserves the right to

4

TM

correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

i.    Defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school. Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student. Defendant understands that Defendant must update Defendant's registrations not later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## 3. SENTENCING

a.    Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity

5

of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.    The parties understand and agree that either party may offer additional evidence relevant to sentencing issues.    However, the Court is not limited to consideration of the facts and events provided by the parties.    Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

c.    The parties reserve the right to appeal any sentence imposed.

### 4. VICTIM RESTITUTION

Defendant agrees to make full restitution to the victims, if applicable, as determined by the Court.    Defendant agrees that the amount of restitution may include losses resulting from related conduct for which Defendant was not convicted, if the loss flowed directly from the relevant conduct of which Defendant was a part.    Pursuant to 18 U.S.C. § 2259, should restitution be requested by a victim, said victim would receive no less than $3,000.

### CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United

6

TM

States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

JOHN P. HEEKIN
United States Attorney

_____
MICHAEL J. GRIFFITH
Attorney for Defendant
Florida Bar No. 192447
304 East Government Street
Pensacola, FL 32502
(850) 433-9922

_____
Date

_____
DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

_____
EDUARDO A. PALOMO
Trial Attorney
U.S. Department of Justice
Member of the Texas Bar
1301 New York Ave. NW
Washington, D.C. 20005
(202) 579-5738

_____
Date

_____
THERESA FOREMAN MITCHELL
Defendant

_____
Date

7