IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                        Case No. 3:26cr37/TKW

THERESA FOREMAN MITCHELL
a/k/a "Theresa Lee Yingling"
_____/

## FACTUAL BASIS FOR GUILTY PLEA

Defendant Theresa Foreman Mitchell admits that if this case were to proceed to trial, the government could prove the following facts:

In or about January 2025, Homeland Security Investigations (HSI) received information that there existed a Chat Application that provided a platform for the exchanging of child pornography. It was premised upon a paywalled website that allowed users to purchase access to pornographic images and videos. Individuals charged subscribers for access to photos and videos through subscriptions, pay-to-view messages, pay-to-view feed posts, tips, pay-to-enter livestreaming, and pay-to-chat features. There was even "VIP" access for those who wanted more illicit content and/or communications in the internet world of child pornography.

HSI determined that the defendant – and her co-defendant – were conspiring to produce and distribute (in return for money) child pornography of Minor Female

1

FILED IN OPEN COURT

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

1 and Minor Female 2 (MF1, MF2). At the time the defendant produced child pornography of MF1 and MF2, the minors were in the custody, care, or supervisory control of the defendant. Indeed, the evidence revealed that between 2023 – 2025, the defendant and Christopher Simba Buckeridge (a/k/a Hubby) worked together to produce and distribute copious amounts of images and videos of MF1 and MF2 engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2). The defendant and co-defendant Buckeridge advertised for sale on Chat Application-1 images and videos of MF1 and MF2 engaged in sexually explicit conduct, including the lascivious exhibition of the pubic area. Between 2023 and 2025, there were over 1,000 subscribers to the channels that the defendant and co-defendant Buckeridge operated on Chat Application-1, which were dedicated to the advertisement and sale of images and videos of MF1 and MF2 engaged in sexually explicit conduct. The defendant charged customers for access to this material, and co-defendant Buckeridge conspired with the defendant to ensure this was a profitable business. The defendant even distributed via the internet visual depictions of MF1 and MF2 engaged in sexually explicit conduct directly to co-defendant Buckeridge, and he distributed to the defendant, via the internet, distinct graphic child pornography involving prepubescent minor victims as young as toddlers being sexually assaulted, which the defendant received.

2

In April 2025, a federal search warrant was executed at the defendant's residence in Navarre, Florida, where she had engaged in much of this illegal conduct. A forensic review of her cellular telephone revealed hundreds of images and videos that the defendant produced depicting MF1 and MF2 engaged in sexually explicit conduct in the Northern District of Florida. The material on which the defendant possessed the child pornography was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce. The child pornography included both scantily clothed (and sexually suggestive) images and videos of MF1 and MF2 engaged in the lascivious exhibition of the pubic area as well as completely nude and graphic lascivious exhibition of the genitals with the defendant "coaching" the victim(s) as to the nature of the content. When the defendant created these visual depictions, MF1 was between 10 and 12 years old and MF2 was between 15 and 16 years old. Other evidence seized during the course of the investigation confirmed co-defendant Buckeridge's involvement in the conspiracy via communications with the defendant regarding what type of imagery should be produced and how to charge the customers. Co-defendant Buckeridge also repeatedly communicated with the defendant regarding how he desired to sexually assault MF1 and MF2.

3

Records from PayPal, Coinbase, Venmo, Stripe, CashApp, amongst other financial records, revealed that the defendant laundered over $300,000 of illicitly obtained funds that she received in exchange for selling visual depictions of MF1 and MF2 engaged in sexually explicit conduct. The defendant deposited these funds in personal and business accounts located in the Northern District of Florida. Co-defendant Buckeridge assisted with collecting payments and managing funds. In sum, the defendant made hundreds of thousands of dollars in sexually exploiting MF1 and MF2. The co-defendants engaged in this activity between 2023 – 2025. The defendant agrees that the indictment is true and correct, and it is incorporated here in full.

4

## ELEMENTS OF THE OFFENSES

The elements of conspiracy to produce and distribute child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), as charged in Count One, are:

*First:*    That two or more persons in some way agreed to try to accomplish a shared and unlawful plan to produce and distribute child pornography;

*Second:*    The Defendant knew the unlawful purpose of the plan and willfully joined in it; and

*Third:*    The object of the unlawful plan was to produce and distribute child pornography.

The elements of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), as charged in Count Two and Three, are:

*First:*    An actual minor, that is, a real person less than 18 years old, was depicted;

*Second:*    The Defendant employed, used, persuaded, induced, enticed, or coerced, the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

*Third:*    Either (a) the defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce; (b) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was mailed or actually transported in interstate or foreign commerce.

The elements of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), as charged in Count Four, are:

5

*First:*    The Defendant knowingly received an item or items of child pornography;

*Second:* The item of child pornography had been shipped and transported using any means and facility of interstate and foreign commerce; and;

*Third:*    When the Defendant received the item, the Defendant believed the item was or contained child pornography.

The elements of possession of prepubescent child pornography, in violation of

18 U.S.C. §§ 2252A(a)(5)(B) and (b)(1), as charged in Count Six, are:

*First:*    The Defendant knowingly possessed an item or items of child pornography;

*Second:* The item of child pornography was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce; and

*Third:*    When the Defendant possessed the item, the Defendant believed the item was or contained child pornography.

The elements of the conspiracy to commit money laundering in violation of

18 U.S.C. §1956(h), as charged in Count Seven, are:

*First:*    Two or more people in some way agreed to try to accomplish a shared and unlawful plan to conduct unlawful financial transactions as charged;

*Second:* The defendant knew that the money or property involved in the transactions were the proceeds of some kind of unlawful activity and willfully joined the conspiracy;

*Third:*    The money or property did come from a conspiracy to ~~distribute and~~ ^(as charged) ~~possess with intent to distribute cocaine~~ and implicated interstate

6

commerce as charged.

JOHN P. HEEKIN
United States Attorney

MICHAEL J. GRIFFITH
Attorney for Defendant
Florida Bar No. 192447
304 East Government Street
Pensacola, FL 32502
(850) 433-9922

DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

EDUARDO A. PALOMO
Trial Attorney
U.S. Department of Justice
Member of the Texas Bar
1301 New York Ave. NW
Washington, D.C. 20005
(202) 579-5738

20 July 2021
Date

7/20/26
Date

THERESA FOREMAN MITCHELL
Defendant

6/29/26
Date

7